USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
P.L., A.Q., K.T., R.F.J., A.R.B., B.M.B., and J.C., :
*Individually and on behalf of all others similarly* :
*situated*; BROOKLYN DEFENDER SERVICES, : 1:19-cv-01336 (ALC)
THE LEGAL AID SOCIETY; and THE BRONX :
DEFENDERS, : **ORDER**
:
         **Plaintiffs**, :
  -against- :
:
U.S. IMMIGRATION AND CUSTOMS :
ENFORCEMENT; U.S. DEPARTMENT OF :
HOMELAND SECURITY; UNITED STATES :
DEPARTMENT OF JUSTICE; EXECUTIVE :
OFFICE FOR IMMIGRATION REVIEW; :
RONALD VITIELLO, Deputy Director and :
Acting Director of ICE, in official capacity; :
KIRSTJEN NIELSEN, Secretary of Homeland :
Security, in official capacity; MATTHEW G. :
WHITAKER, Acting United States Attorney General, :
in official capacity; MATTHEW T. ALBENE, :
Executive Associate Director of ICE Enforcement :
Removal Operations, in official capacity; THOMAS R. :
DECKER, Director of New York Field Office of ICE, :
in official capacity; WILLIAM P. JOYCE, Deputy :
Director of New York Field Office of ICE, in official :
capacity; JAMES MCHENRY, Director of Executive :
Office for Immigration Review, in official capacity; and :
DANIEL J. DAUGHERTY, Assistant Chief :
Immigration Judge, in official capacity., :
:
         **Defendants.** :
:
------------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs R.F.J., A.R.B., J.C., P.L., K.T. and A.Q. (collectively, "Representative Plaintiffs") and Plaintiffs Brooklyn Defenders Services, The Legal Aid Society and The Bronx Defenders (collectively, "Organizational Plaintiffs") filed this lawsuit against Defendants[1] U.S. Immigration and Customs Enforcement ("ICE"), U.S. Department of Homeland Security, U.S. Department of Justice, and the Executive Office for Immigration Review (collectively, "Defendants") alleging violations of the U.S. Constitution's Due Process Clause, the Immigration and Nationality Act, the Administrative Procedure Act ("APA"), and the Rehabilitation Act. *See* Compl., ECF No. 2. On June 21, 2019, the Court granted Defendants' motion to dismiss on subject matter jurisdiction grounds, and the Clerk of the Court entered a judgment in Defendants' favor. *See* Opinion and Order, ECF No. 102; Clerk's Judgment, ECF No. 103. Plaintiffs then filed a motion to alter judgment under Rule 59(e) of the Federal Rules of Civil Procedure on July 22, 2019. *See* Pl.'s Mot. Alter Judgment, ECF No. 105. For the reasons set forth below, Plaintiffs' motion is **DENIED** as to the bond hearing claims and resolution of Plaintiffs' motion as to the APA claims is stayed until further notice.

## BACKGROUND

The facts of this case were fully set forth in the Court's Opinion dated June 21, 2020. Accordingly, familiarity with the facts is assumed and the summary to follow will only highlight facts necessary for the motion presently before the Court. On June 27, 2018, the ICE NY Field

---

[1] The Complaint also names the following government officials in their official capacity as Defendants: Deputy Director and Acting Director of ICE Ronald Vitiello, Secretary of Homeland Security Kirstjen Nielsen, Acting United States Attorney General Matthew G. Whitaker, Executive Associate Director of ICE Enforcement Removal Operations Matthew T. Albene, Director of New York Field Office of ICE Thomas R. Decker, Deputy Director of New York Field Office of ICE William P. Joyce, Director of Executive Office for Immigration Review, James McHenry, and Assistant Chief Immigration Judge Daniel J. Daugherty.

Office announced it would stop producing detained immigrants in person and instead, detained immigrants would primarily appear for immigration proceedings through Videotelephone Conferencing ("VTC"). Initially, the ICE NY Field Office stated this policy change was in response to safety concerns resulting from a multi-day protest from June 21, 2018 to June 25, 2018, outside the Varick Street Immigration Court. However, the ICE NY Field Office later stated it implemented the policy change due to increases in the number of immigration proceedings occurring at the Varick Street Immigration Court, costs and logistical challenges. As a result of the policy, there have been several technological and scheduling challenges. Further, the Representative Plaintiffs, allege they, and others similarly situated, are not able to meaningfully participate in their removal proceedings; the Organizational Plaintiffs allege they have experienced difficulty and increased costs in effectively representing their clients.

## LEGAL STANDARD

Pursuant to Rule 59(e), a court may "alter or amend a judgment" when such a motion is "filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The Court will consider case law arising under both Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), because the standards for both are identical." *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 256 (S.D.N.Y. 2017) (citing *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 10 F.Supp.3d 460, 475 (S.D.N.Y. 2014)).

This District has repeatedly stated that a motion for reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Id.* (citations omitted). "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel*

*Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Accordingly, a motion for reconsideration should be denied if the moving party seeks to present "the case under new theories" or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (a motion for reconsideration should be denied when "the moving party seeks solely to relitigate an issue already decided.").

## DISCUSSION

### I. Purported Bond Hearing Claims

In their motion for reconsideration, Plaintiffs argue the Court should reinstate Plaintiffs' claims as they relate to bond hearings because "bond hearings are 'separate and apart from' removal proceedings." Pls.' Brief at 4. Despite recognizing the distinction between bond hearings and removal proceedings in their motion, Plaintiffs' Complaint expressly concerns removal proceedings. For example, in Plaintiffs' prayer for relief, Plaintiffs seek to "permanently enjoin Defendants from relying exclusively on VTC technology to conduct removal proceedings for individuals detained by the ICE NY Field Office." Compl. ¶ 2. Furthermore, Plaintiffs barely discuss bond hearings in their Complaint. The only slightly substantive reference to bond hearings is in a footnote where Plaintiffs note "[t]hroughout their proceedings, detained immigrants file applications and make legal arguments at status hearings referred to as 'master calendar hearings,' and participate in bond hearings, final merits hearings referred to as 'induvial hearings,' and, where necessary, 'M-A-M' hearings to access competency." *Id.* at n. 5. This language not only seems to contradict Plaintiffs' argument on reconsideration, but also fails to sufficiently articulate that Plaintiffs bring separate and independent claims concerning bond hearings. *See Thomas v. Egan*, 1 F. App'x 52, 54 (2d Cir. 2001) (citations omitted) ("A claim

must be set forth in the pleadings, in order to give defendants fair notice of the nature of the plaintiff's claim."). The Court therefore finds Plaintiffs did not bring claims challenging the use of VTC at bond hearings. Accordingly, Plaintiffs' motion for reconsideration is **DENIED** as to their purported bond hearings claims.

II. **APA Claims**

Plaintiffs argue the Court should reinstate Plaintiffs' APA claims since it is not barred by 1252(b)(9); Plaintiffs assert they are challenging the decision-making process leading to the VTC policy as being arbitrary and capricious, as opposed to challenging the VTC policy itself. Plaintiffs further assert the Court overlooked the Organizational Plaintiffs' inability to bring such a challenge in a BIA proceeding or a petition for review. In support of these arguments, Plaintiffs rely on precedent from the Ninth Circuit and a number of district courts outside of the Second Circuit. The vast majority of these cases—including *Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*, which is currently before the Supreme Court—concern challenges to the Deferred Action for Childhood Arrivals ("DACA") program. 908 F.3d 476, 503 (9th Cir. 2018), *cert. granted sub nom. Dep't of Homeland Sec. v. Regents of the Univ. of California*, 139 S. Ct. 2779 (2019). In *Regents*, the Ninth Circuit determined 1252(g) did not bar judicial review of the government's programmatic policy decision about deferred action. *Id.* at 504. Because the Supreme Court will likely address the scope of the jurisdictional bar imposed by § 1252(g), the Court will stay resolution of this issue until the Supreme Court reaches its decision in *Regents*, 139 S. Ct. 2779.

## CONCLUSION

For all of the above-stated reasons, Plaintiffs' motion is **DENIED** as to the bond hearing claim and resolution of Plaintiffs' motion as to the APA claim is stayed until further notice.

**SO ORDERED.**

**Dated: March 13, 2020**
   **New York, New York**

 _____
**ANDREW L. CARTER, JR.**
**United States District Judge**