**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

P.L., ET AL.,                                                                          :

                                                    Plaintiffs,               :

                                                                                           :

                                                                                           :

                   v.                                                                   :

                                                                                           :

U.S. IMMIGRATION AND CUSTOMS                            :

ENFORCEMENT, ET AL,                                                :

                                                                                           :

                                                    Defendants.           :

-------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  _1/27/2021_____

**1:19-cv-01336-ALC**

<u>**OPINION**</u>

**ANDREW L. CARTER, JR., District Judge:**

The Court now takes up the remainder of a Motion to Alter Judgment filed on July 22,

2019. *See* Pl.'s Mot. Alter Judgment, ECF No. 105. By an Opinion dated June 21, 2019, the Court

dismissed Plaintiffs' Complaint for lack of subject matter jurisdiction, having concluded that 8

U.S.C. § 1252(b)(9) barred the Court's review of the various claims related to the use of video

teleconferencing in removal proceedings. *See P.L. v. United States Immigration & Customs Enf't*,

No. 1:19-cv-01336 (ALC), 2019 WL 2568648, 2019 U.S. Dist. LEXIS 104478 (S.D.N.Y. June 21,

2019). On March 13, 2020, the Court denied in part a motion to alter judgment pursuant to Rule

59(e) of the Federal Rules of Civil Procedure. *See P.L. v. United States Immigration & Customs

Enf't*, No. 1:19-cv-01336 (ALC), 2020 WL 1233761, 2020 U.S. Dist. LEXIS 44875 (S.D.N.Y.

Mar. 13, 2020). However, the Court stayed its decision on whether to reconsider its dismissal of

Plaintiff's Administrative Procedure Act claims ("Count VI") pending a decision by the Supreme

Court in the appeal of *Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*, 908 F.3d

476, 503 (9th Cir. 2018). *Id.* at 13. There, the Ninth Circuit held that § 1252(g) did not bar judicial review of "the government's programmatic policy decision about" the Deferred Action for Childhood Arrivals program under the APA. *Regents*, 908 F.3d at 504. It also concluded that U.S.C. § 1252(b)(9) did not bar judicial review of the APA claim. *Id.* n.19. In anticipation of a possible clarification of the § 1252 jurisdictional bar, the Court stayed resolution of the Motion to Alter Judgment as to Count VI.

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891 (2020), having been decided, the Court now considers whether to alter judgment as to its dismissal of Count VI of the Complaint. For the reasons that follow, the Court DENIES the remainder of the Motion to Alter Judgment.

Pursuant to Rule 59(e), a court may "alter or amend a judgment" when such a motion is "filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[1] This District has repeatedly stated that the grant of a motion to alter judgment "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 256 (S.D.N.Y. 2017) (citations omitted). Such motion "should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Accordingly, a motion to alter judgement should be denied if the moving party seeks to present "the case under new theories" or otherwise take a "second bite at the

---

[1] "The Court considers case law arising under both Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), because the standards for both are identical." *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d at 256 (citing *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 10 F.Supp.3d 460, 475 (S.D.N.Y. 2014)).

apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiffs R.F.J., A.R.B., J.C., P.L., K.T. and A.Q. (collectively, "Representative Plaintiffs") and Plaintiffs Brooklyn Defenders Services, the Legal Aid Society and The Bronx Defenders (collectively, "Organizational Plaintiffs") filed this lawsuit against Defendants[2] U.S. Immigration and Customs Enforcement ("ICE"), U.S. Department of Homeland Security, U.S. Department of Justice, and the Executive Office for Immigration Review (collectively, "Defendants") alleging that a policy to have detained immigrants appear for proceedings through video teleconferencing ("VTC") violates the U.S. Constitution's Due Process Clause, the Immigration and Nationality Act, the Administrative Procedure Act ("APA"), and the Rehabilitation Act.

As explained in the Court's June 21, 2019 Opinion, prior to June 2018, detained immigrants who had removal proceedings at the Varick Street Immigration Court typically appeared for hearings in person. However, on June 27, 2018, the ICE NY Field Office announced it would stop producing detained immigrants in person and, instead, detained immigrants would primarily appear for immigration proceedings through VTC. Initially, the ICE NY Field Office stated this policy change was in response to safety concerns resulting from a multi-day protest from June 21, 2018 to June 25, 2018 outside the Varick Street Immigration Court. However, the ICE NY Field Office later stated it implemented the policy change due to increases in the number of immigration proceedings occurring at the Varick Street Immigration Court, cost and logistical challenges.

---

[2] The Complaint also names the following government officials in their official capacity as defendants: Deputy Director and Acting Director of ICE Ronald Vitiello, Secretary of Homeland Security Kirstjen Nielsen, Acting United States Attorney General Matthew G. Whitaker, Executive Associate Director of ICE Enforcement Removal Operations  Matthew T. Albene, Director of New York Field Office of ICE  Thomas R. Decker, Deputy Director of New York Field Office of ICE William P. Joyce, Director of Executive Office for Immigration Review, James McHenry, and Assistant Chief Immigration Judge Daniel J. Daugherty.

Plaintiffs contend that this policy change has been plagued by technological and scheduling challenges, and has limited Plaintiffs' ability to meaningfully participate in removal proceedings.

On June 21, 2019, the Court granted Defendants' motion to dismiss on subject matter jurisdiction grounds, and the Clerk of the Court entered a judgment in Defendants' favor. *See* Clerk's Judgment, ECF No. 103. As explained fully in the June 21, 2019 Opinion, the Court dismissed the matter based on The Real ID Act of 2005. That Act provides that:

> [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section

8 U.S.C. § 1252(b)(9). The Court also considered *Delgado v. Quarantillo*, which, in the context of § 1252(b)(5), held that "a district court lacks jurisdiction over an indirect challenge to an order of removal", as well as a direct one. 643 F.3d 52, 55 (2d Cir. 2011). *Delgado* further instructs that "whether [a] district court has jurisdiction will turn on the substance of the relief that a plaintiff is seeking." *Id.* Finally, the Court looked to the Supreme Court's plurality opinion in *Jennings v. Rodriguez*, in which the Court considered the scope of § 1252(b)(9) and concluded that it did not bar a Petitioner's challenge to a prolonged detention. 138 S. Ct. 830, 840 (2018). Though the *Jennings* plurality did not fully define the scope of § 1252(b)(9), it contrasted Petitioner's claim with challenges to "review of an order of removal", "the decision to detain. . . or to seek removal" or "any part of the process by which . . . removability will be determined." *Id.* at 841. The Court synthesized these authorities to conclude that it lacked jurisdiction over Plaintiffs' claims because they challenge part of the process of removal proceedings. *P.L.*, 2019 WL 2568648 at \*10-11.

Plaintiffs ask the Court to reconsider the dismissal of Count VI, arguing the dismissal was erroneous because the Court did not consider that the Organizational Plaintiffs are challenging the process for the adoption of the VTC policy. According to Plaintiffs the "substance of the relief"

test, on which the Court relied in its Opinion, is therefore inapplicable. Reply, ECF No. 114, at 3-4. Nor could the Organizational Plaintiffs seek redress for their APA claims in a Board of Immigration Appeals proceeding or a petition for review. Mot., ECF No. 106, at 6. Plaintiffs also argue, citing only out-of-circuit cases, that "section 1252(b)(9) does not bar challenges to a decision-making process that occurs separate from removal proceedings". Reply at 4.

Having considered Plaintiffs' arguments, the Court declines to alter the judgment dismissing Count VI. The Court did not overlook Organizational Plaintiffs' APA claims. Rather, it applied the substance of the relief test to determine that they challenge "part of the process by which removability will be determined", and are therefore barred by § 1252(b)(9). Plaintiffs present no controlling authority for the proposition that the "substance of the relief" test does not apply to an APA challenge or to a challenge by Organizational Plaintiffs. They therefore fail to meet the high burden to show an alteration of judgment is warranted.

Nor does the Supreme Court's decision in *Regents* require that the judgment be altered. *Regents* includes only limited discussion of Section 1252(b)(9)'s jurisdictional bar, reiterating the language from *Jennings*. Justice Roberts wrote for the Supreme Court:

> Section 1252(b)(9) bars review of claims arising from "action[s]" or "proceeding[s] brought to remove an alien." 66 Stat. 209, as amended, 8 U. S. C. §1252(b)(9). That targeted language is not aimed at this sort of case. As we have said before, §1252(b)(9) "does not present a jurisdictional bar" where those bringing suit "are not asking for review of an order of removal," "the decision . . . to seek removal," or "the process by which . . . removability will be determined." *Jennings v. Rodriguez*, 583 U. S. ___, ___-___, 138 S. Ct. 830, 841, 200 L. Ed. 2d 122 (2018) (plurality opinion; *id.*, at ___, 138 S. Ct. 830, 859, 200 L. Ed. 2d 122 (Breyer, J., dissenting). And it is certainly not a bar where, as here, the parties are not challenging any removal proceedings.

*Regents,* 140 S. Ct. 1891, 1907 (2020). The June 21, 2019 Opinion considered the language from *Jennings*, which *Regents* reaffirmed: §1252(b)(9) "does not present a jurisdictional bar" where those bringing suit "are not asking for review of . . . the process by which . . . removability will be

determined." Because *Regents* reiterates the *Jennings* language on which the Court's Opinion relied, it provides no grounds to alter judgment.

The remainder of Plaintiffs' arguments reiterate arguments that were already made before this Court or could have been made on the initial motion. They therefore do not provide sufficient grounds for alteration of judgment. For the reasons above, the Court DENIES Plaintiffs' Motion to Alter Judgment as to the dismissal of its APA Claim, Count VI.

**SO ORDERED.**

**Dated: January 27, 2021**

    **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**